UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-20419-CIV-MORENO

MARIA PORTUONDO,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case stems from a trip and fall on an empty water pallet at a Wal-Mart store. The condition is open and obvious under Florida law and not inherently dangerous, obviating Defendant's need to warn the Plaintiff. The Plaintiff had just stepped past the empty water pallet on the ground, which she admits to seeing, when an employee told her to "stop, go back," or to "stop, back up." That is when she walked backward without looking, she tripped, and fell on the empty water pallet. The Court finds that Plaintiff's failure to exercise reasonable care led to her fall. The employee could not reasonably have anticipated that Plaintiff would trip over the pallet she had observed and safely walked around seconds before the fall. Accordingly, the Court grants the Defendant's motion for summary judgment.

THIS CAUSE came before the Court upon the Defendant's Motion for Summary Judgment **(D.E. 40)**, filed on **November 3, 2016**, the Report and Recommendations **(D.E. 43)** filed on **December 20, 2017**, and the Objections to the Report and Recommendation **(D.E. 45)** filed on **January 2, 2018**.

THE COURT has considered the motion, the response, the report and recommendation, oral argument, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Defendant's motion for summary judgment is GRANTED.

## I. Background

Plaintiff, Maria Portuondo, is suing for a trip and fall over an empty pallet in the water aisle of Defendant's Wal-Mart store. Plaintiff testified she saw the pallet and walked around it with her cart. At the time, four employees were loading and unloading water packages from pallets in the same aisle. Plaintiff claims an employee yelled at her "Stop, go back" or "Stop, back up." Plaintiff walked backward without looking and tripped on the same empty pallet, she had just seconds before walked past. The pallet was not in the middle of the aisle. It is undisputed there was space to walk around it. Two employees testified they warned Plaintiff to stop because the machine was bringing down another pallet from the aisle where Plaintiff was walking.

Magistrate Judge Turnoff found the empty pallet was an open and obvious condition under Florida law and the Plaintiff did not object to this recommendation. Defendant filed an objection to Magistrate Judge Turnoff's recommendation that summary judgment be denied because he found an issue of fact as to whether the employee told Plaintiff merely to "stop" or to "stop and go back."[1]

## II. Standard

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating

---

[1] In her testimony, Plaintiff at one point says she was told "Stop and back up" and at another juncture she says the employee told her to "Stop, and go back."

2

the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

### III. Analysis

Florida tort law requires a plaintiff prove that (1) the defendant owed plaintiff a duty, (2) the defendant breached that duty, (3) the defendant's breach was the cause of plaintiff's injuries, and (4) plaintiff suffered damages stemming from the breach. *Vallot v. Logan's Roadhouse, Inc.*, 567 F. App'x 723, 725 (11th Cir. 2014). A business owner owes invitees two duties: (1) to warn of concealed dangers and (2) to use ordinary care to maintain its premises in a reasonably safe condition. *Brookie v. Winn-Dixie Stores*, 213 So. 3d 1129, 1131 (Fla. 1st DCA 2017). A defendant may comply with both duties when "an open and obvious condition does not trigger a duty to warn and the condition itself" is not inherently dangerous. *Id.*; *Roiz v. Wal-Mart Stores*, No. 17-21491-CIV-MOORE, D.E. 125 (S.D. Fla. Feb. 6, 2018).

In *Brookie*, the First District Court of Appeal affirmed the trial court's order granting summary judgment in favor of the Defendant Winn-Dixie. In that case, the plaintiff saw the empty pallet on the floor and tripped and fell over it. Because the plaintiff saw the empty pallet that was open and obvious, Defendant "could not reasonably have anticipated that [Plaintiff] would trip over the pallet he had previously observed and safely walked around twice before the

3

accident." *Id.*, 213 So. 3d at 1137. "There are times when conditions are so common, or so innocuous in our everyday life, that they do not impose liability on the landowner." *Id.*, 213 So. 3d at 1133.

Similarly in *Roiz*, the court granted summary judgment where a plaintiff tripped and fell over an empty pallet. Unlike this case, the plaintiff in *Roiz* had not seen the pallet before he fell. He admitted, however, that he had a clear view of the unobstructed aisle, where the pallet was pushed up against a steel shelf. Because the pallet was open and obvious and not inherently dangerous, the court granted summary judgment finding there is no duty to warn against an open and obvious condition, which is not inherently dangerous. Under those circumstances, it was the plaintiff's responsibility to exercise reasonable care for his own safety.

Like *Brookie* and *Roiz*, there is no doubt the empty pallet in this case was an open and obvious condition that was not inherently dangerous. Indeed, the Plaintiff did not object to the Magistrate Judge's recommendation finding this was the case. Because the pallet was an open and obvious condition, the Defendant did not have a duty to warn the Plaintiff. It was reasonable for the Defendant to expect that Plaintiff would exercise reasonable care for her own safety and not walk backwards, when she knew that only seconds before she had maneuvered around the empty pallet in the water aisle.

Plaintiff attempts to distinguish this case from *Brookie* and *Roiz* by arguing that the employee's warning is what caused her to trip and fall. Issues relating to the adequacy of a defendant's warnings are ordinarily questions for the jury. However, where warnings are accurate, clear, and unambiguous, the issue is one of law to be resolved by the judge. *Veliz v. Rental Serv. Corp. USA*, 313 F. Supp. 2d 1317, 1325 (M.D. Fla. 2003). Because the condition was open and obvious and not inherently dangerous, the Court does not find the employee's

4

warning has any impact on summary judgment as there is no duty to warn. Even if this Court were to consider whether the warning was accurate, clear, and unambiguous, the employee's words to "stop and go back" or "stop and back up" were not unclear warranting a denial of summary judgment. The employee could not reasonably have anticipated that Plaintiff would walk backwards and trip over the pallet she had maneuvered past just seconds before he warned her. Accordingly, the Court grants the Defendant's motion for summary judgment.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of February 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record